**GENERAL DRIVERS AND HELPERS UNION, LOCAL NO. 554 affiliated with International Brotherhood of Team-sters, Chauffeurs, Warehousemen and Helpers of America, Appellee,**

v.

**MID–CONTINENT BOTTLERS, INC. (OMAHA DIVISION), an Iowa corporation, Appellant.**

No. 84–2084.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1985.

Decided July 11, 1985.

As Modified on Denial of Rehearing Aug. 20, 1985.

George C. Rozmarin, Omaha, Neb., for appellant.

M.H. Weinberg, Omaha, Neb., for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Mid-Continent Bottlers, Inc. (the Company) appeals from the district court's judgment in favor of the General Drivers and Helpers Union, Local No. 554 (the Union). The district court awarded damages on the Union's claim for breach of the collective bargaining agreement. We hold that the dispute is subject to the agreement's grievance and arbitration provisions and accordingly reverse the judgment of the district court.

The collective bargaining agreement in effect at the times relevant to this dispute provides in Article VI for negotiations and ultimately arbitration of "[a]ny controversy arising over the interpretation of, or adherence to, the terms or provisions of this Agreement." In Article XXIX, the parties provided for reopener of portions of the agreement "should the Employer elect to go to an advance sell-system." The reopener is

> limited to the issue[ ] of * * * a change in the method of compensation * * * for employees currently classified as route salespersons who would continue to deliver product under an advance sale system, from commission to base rate plus commission, an hourly basis, or any other payment method determined by the Employer to be appropriate.

Article XX generally prohibits all strikes and lockouts, but Article XXIX makes Article XX "inoperative until an agreement is reached" if "the parties are unable to negotiate an agreement during the reopener."

In December 1980, the Company notified the Union of its intent to exercise the reopener. After six months of negotiations, the Union rejected the Company's final offer, and the parties were at impasse. The Company then unilaterally implemented its final offer in July 1981, transferring some of the sales function previously performed by Union members out of the bargaining unit and effectively reducing Union members' earnings. In May of 1982, the Union filed an action for damages for breach of the agreement in the district court of Nebraska, contending that the Company could not unilaterally alter the compensation system during the life of the agreement.

Although the district court did not "think that [this] is the type of issue that requires arbitration," it recognized that resolution of the dispute required interpretation of Article XXIX. It then held that, while the Company had authority under Article XXIX to change the duties of Union members, the Company violated the agreement by imposing a new compensation system that resulted in lower salaries for Union members. The Company appeals, claiming that the dispute is subject to the grievance and arbitration procedures of Article VI and that the district court consequently lacked jurisdiction to pass on the merits.

A party's assent to arbitration, as a matter of contract construction, is a question of law for the court. *International Union, UAW v. General Electric Co.*, 714 F.2d 830, 831–32 (8th Cir.1983). Our review is guided by the overwhelming federal policy in favor of arbitration of labor disputes. "An order to arbitrate a grievance should be granted 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *Id.* at 832 (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960)). This court is "obliged to give broad and liberal interpretation to arbitration clauses in collective bargaining agreements." *Bonnot v. Congress of Independent Unions Local #14*, 331 F.2d 355, 358 (8th Cir.1964).

■ Clearly, the contention of the Company that a right existed under the contract unilaterally to implement its final offer to the Union upon reaching impasse in reopener negotiations presented a controversy over interpretation of or adherence to the bargaining agreement within the arbitration provision. The Union claims, however, that resolution of the dispute is beyond the power of any arbitrator because it requires setting wages for jobs not described in the agreement. In addition, the Union claims that its reservation of a right to strike over wage disputes during reopener evidences an intent to exclude this dispute from arbitration. We find neither contention persuasive.

■ First, the Union claims the only matter for resolution is the amount of compensation the bargaining unit members should have received after the Company implemented its new sales program. According to the Union, an arbitrator is incapable of setting compensation rates for jobs not described in the agreement. The Union's contention, however, ignores the question of whether the Company's unilateral action violates the agreement at all. Resolution of that question is committed by Article VI to arbitration.

■ Second, the Union claims that, by reserving the right to strike if the parties failed to reach agreement on the reopener, arbitration over reopener disputes was not intended to be exclusive. We do not believe the strike-lockout clause in Article XXIX affects the Company's right to have this dispute over "the interpretation of, or adherence to" the bargaining agreement arbitrated. Even if the Union could have removed the dispute from the arbitration requirement by calling a strike when the parties reached impasse, it did not do so. Instead, it sought a judicial determination that the Company's unilateral action violated the agreement. Under Article VI, that determination has been committed to arbitration. "The right to have all controversies over interpretation of or adherence to the provisions of the bargaining agreement submitted to and determined by arbitration was one existing in favor of both parties. Neither could deprive the other of any aspect of the right either in scope or in incident." *Minnesota Joint Board, Amalgamated Clothing Workers of America v. United Garment Manufacturing Co.,* 338 F.2d 195, 198 (8th Cir.1964).

The arbitrator's decision is not rendered meaningless because a strike or lockout may follow the decision. If the arbitrator decides that the agreement permits the unilateral action taken by the Company, the Union is free to strike. If the arbitrator decides against the Company, the Company is free to lockout. The final compensation methods and rates are for the parties to negotiate. The question posed by the Union in this case, whether the Company could impose its final offer in response to impasse and make the Union decide whether to strike, is for the arbitrator. No room remains for litigation.

■ This dispute presents a question which on its face is subject to arbitration and we find nothing in the agreement that excludes it from the arbitration procedure. Thus, the district court committed error by deciding the case on the merits. Accordingly, we reverse the judgment of the district court and the case is remanded with directions to dismiss the complaint.